Filed 7/15/24  P. v. Argel CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B333232 |
| Plaintiff and Respondent, | (Super. Ct. No. 1488691) (Santa Barbara County) |
| v. | |
| JOHN WILLIAM ARGEL, | |
| Defendant and Appellant. | |

John William Argel appeals from the denial of his petition for resentencing pursuant to Penal Code[1] section 1172.75.  He contends the trial court erred in concluding it did not have jurisdiction to resentence him.  We agree, and reverse.

FACTUAL AND PROCEDURAL HISTORY

In 2015, a jury convicted Argel of criminal threats (§ 422), domestic abuse (§ 273.5, subd. (a)), and elder abuse (§ 368, subd. (c)).  In a bifurcated proceeding, the trial court found true allegations that Argel had suffered two prior strike convictions

---

[1] Statutory references are to the Penal Code.

(§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and a prior serious felony conviction (§ 667, subd. (a)(1)), and an allegation that he had served a prior term in prison (former § 667.5, subd. (b)). It sentenced him to an indeterminate term of 25 years to life in state prison plus a determinate term of six years: 25 years to life on the criminal threats, a concurrent eight years (the upper term of four years, doubled) on the domestic violence, a concurrent 180 days on the elder abuse, a consecutive five years on the prior serious felony, and a consecutive one year on the prison prior.

Seven years later, the trial court notified the parties that the Department of Corrections and Rehabilitation (CDCR) had determined that Argel was eligible for resentencing pursuant to what is now section 1172.75. Argel urged the court to strike one or both of his prior strikes, his prior serious felony enhancement, and his prison prior. The district attorney opposed resentencing, arguing that the court lacked jurisdiction to resentence Argel because he had already served the determinate portion of his sentence. The court agreed with each party in part: It struck the prison prior, but concluded it lacked jurisdiction to act further because Argel had already served the determinate portion of his sentence. (Citing § 669, subd. (a) [defendant serving sentence with both determinate and indeterminate components must serve determinate component first].)

## DISCUSSION

Argel contends, and the Attorney General concedes, the trial court erred when it determined it lacked jurisdiction to conduct a full resentencing. We agree.

Section 1172.75 requires CDCR to inform trial courts of inmates serving sentences with one or more now-invalid prior prison term enhancements. (§ 1172.75, subd. (b).) Once a court

2

receives this information and confirms that the inmate's sentence includes an invalid enhancement, it "shall recall [their] sentence and resentence" them. (*Id.*, subd. (c).) During resentencing, "[t]he court shall apply . . . any . . . changes in law that reduce sentences or provide for judicial discretion" (*id.*, subd. (d)(2))—i.e., the court shall conduct a full resentencing (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311-317 (*Christianson*), review granted Feb. 21, 2024, S283189). Such resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The plain language of section 1172.75 makes clear that the trial court should have conducted a full resentencing. Section 1172.75 renders any prior prison term enhancement imposed for a nonsexually violent offense—such as that imposed in Argel's case—legally invalid. And it applies to *any* judgment that includes an invalid enhancement. (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 451-452 [§ 1172.75 applies when current judgment includes invalid prison prior].) It is not limited to a defendant currently serving the determinate portion of a sentence with a now-invalid enhancement, as the district attorney argued below. Were that true here, the court would be unable to apply Senate Bill No. 1393 (2017-2018 Reg. Sess.)—which permits striking a five-year serious felony enhancement—thereby rendering section 1172.75, subdivision (d)(2) superfluous. (Cf. *People v. Monroe* (2022) 85 Cal.App.5th 393, 400-402 [Senate Bill No. 1393 applies during § 1172.75 resentencing].)

3

As the *Christianson* court explained, " ' "[A]n aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one component infects the entire scheme." ' [Citation.]  'By correcting one part of [a defendant's] sentence, the trial court is resentencing the defendant and, in so doing, is not only permitted, but also obligated to look at the facts and the law in effect at the time of that resentencing, including " 'any pertinent circumstances which have arisen since the prior sentence was imposed.' " ' [Citation.]" (*Christianson*, *supra*, 97 Cal.App.5th at p. 315, review granted.)

## DISPOSITION

The November 1, 2023, order striking the one-year prior prison term enhancement from Argel's sentence but declining further resentencing is vacated, and the matter is remanded to the trial court for a full resentencing.  We express no opinion as to the sentence the court shall impose upon resentencing.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.          CODY, J.

4

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.